UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AT&T CORP., | ) | Case No. 1:05CV1904 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| OVERDRIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge McHargh |
| | ) | |

McHARGH, Mag.J.

The plaintiff, AT&T Corp. ("AT&T"), a New York corporation, has filed an amended complaint against the defendant, Overdrive, Inc. ("Overdrive"), a Delaware corporation, alleging breach of contract and unjust enrichment. (Doc. 8.) In its answer, Overdrive asserted counterclaims alleging a breach of an implied covenant of good faith and fair dealing, fraudulent misrepresentation, and tortious interference. (Doc. 17.)

Overdrive has filed a motion for summary judgment on the amended complaint. (Doc. 37.) AT&T has responded to that motion, and filed a cross-motion for summary judgment. (Doc. 39-40.) Currently before the court are two motions to strike, filed by defendant Overdrive. (Doc. 42-43.)

2

## I. OVERDRIVE'S MOTIONS TO STRIKE

Defendant Overdrive has filed two motions to strike exhibits attached to AT&T's response and cross-motion. Overdrive moves to strike Exhibit 2, the affidavit of Pam Gritchen, arguing that it "does not constitute competent evidence admissible for consideration by this court." (Doc. 42, at 1.) Overdrive also moves to strike Exhibits 1, 3, 5-8, and 10-14, arguing that they constitute "inadmissible hearsay." (Doc. 43, at 1.) AT&T has responded to each motion. (Doc. 46-47.)

Rule 56(e) sets the standards which affidavits to a motion for summary judgment must satisfy, but the rule makes no provision for "striking" those documents which do not conform. Fed. R. Civ. P. 56(e). Overdrive's "motions to strike" will be considered as objections to the affidavit and exhibits at issue.

## II. GRITCHEN AFFIDAVIT

Overdrive moves to strike Exhibit 2, the affidavit of Pam Gritchen, arguing that it "does not constitute competent evidence admissible for consideration by this court." (Doc. 42, at 1.) Rule 56 provides that summary judgment affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Failure to comply with the mandatory requirements of Rule 56(e) "makes

3

the proposed evidence inadmissible during the consideration of the summary judgment motion." Friedel v. City of Madison, 832 F.2d 965, 970 (7th Cir. 1987). Overdrive contends that the Gritchen affidavit is not made on personal knowledge, doc. 42, at 2, that it does not set forth facts which would be admissible in evidence, id. at 3, and that the affidavit fails to demonstrate Gritchen's competency to testify on the relevant matters, id. at 6.

To be considered as competent evidence, a summary judgment affidavit must be based on personal knowledge. Harriscom Svenska, AB v. Harris Corp., 3 F.3d 576, 581 (2d Cir. 1993); Citizens to Preserve Overton Park, Inc. v. Volpe, 432 F.2d 1307, 1319 (6th Cir. 1970), rev'd on other grounds by 401 U.S. 402 (1971); Reddy v. Good Samaritan Hosp. & Health Ctr., 137 F.Supp.2d 948, 956 (S.D. Ohio 2000). Overdrive objects that the Gritchen affidavit is not made on personal knowledge, thus cannot be considered by the court. (Doc. 42, at 2.) In her affidavit, Gritchen avers:

> I am the Final Dispute/Legal Manager for Revenue Management at AT&T Corp. I am over 18 years of age and am fully familiar with the facts and circumstances contained herein. I make this affidavit to the best of my knowledge and belief based upon the business records kept in the normal course and scope of business at AT&T Corp.

(Doc. 40, PX 2, at ¶ 1.)

Overdrive objects to this choice of words, arguing that there is no evidence in the affidavit that Gritchen has personal knowledge of the "facts and circumstances." Overdrive contends that "familiarity" is not equivalent to

4

"personal knowledge." (Doc. 42, at 3-4.) In addition, Overdrive asserts that the phrase "to the best of my knowledge and belief" does not meet the standard of knowledge required. Id. at 4.

An affidavit normally states the basis for the facts, but "personal knowledge may be inferred from the content of the statements." Reddy, 137 F.Supp.2d at 956. On the other hand, an affidavit "based, not on personal knowledge, but *only* on information and belief" is not competent evidence. Overton Park, 432 F.2d at 1319 (emphasis added). See also Reddy, 137 F.Supp.2d at 956 (same). The term "belief" is not a sufficient basis for the asserted facts. Reddy, 137 F.Supp.2d at 956. Unfortunately, Gritchen's affidavit confuses the issue by using parts of both phrases. For example, Gritchen states that she is "fully familiar with the facts and circumstances." (PX 2, at ¶ 1.) She also makes the affidavit "to the best of [her] knowledge and belief" based upon AT&T's business records. Id.

The court determines the common meaning or common understanding of a word or phrase by reference to the standard dictionaries. See, e.g., Amoco Prod. Co. v. Southern Ute Indian Tribe, 526 U.S. 865, 874-875 (1999). The phrase "familiar with" is defined by one major dictionary as "having personal or intimate knowledge." Merriam-Webster's Collegiate Dictionary 419 (10th ed. 1993). Another respected dictionary defines "familiar" as "having an intimate knowledge of, closely acquainted (with)." Webster's New World Dictionary of American English 489 (3d college ed. 1988). In accordance with the common

5

meaning of the phrase, the court construes Gritchen's averment that she is "fully familiar with the facts" to mean that she asserts she has personal knowledge of the facts.

Overdrive further argues that any knowledge that Gritchen possesses may have been obtained improperly, through "rumor, innuendo, hearsay, etc." (Doc. 42, at 3-4.)  However, Gritchen avers that her knowledge is "based upon the business records kept in the normal course and scope of business at AT&T Corp.," which would be a proper basis.  (PX 2, at ¶ 1.)

"Personal knowledge . . . is not strictly limited to activities in which the declarant has personally participated."  Washington Cent. R.R. Co., Inc. v. National Mediation Bd., 830 F.Supp. 1343, 1352-1353 (E.D. Wash. 1993) (citing Londrigan v. FBI, 670 F.2d 1164, 1174-1175 (D.C. Cir. 1981)).  Personal knowledge can come from review of the contents of business records, and an affiant may testify to acts that she did not personally observe but which are described in business records.  Id.;  Federal Sav. & Loan Ins. Corp. v. Griffin, 935 F.2d 691, 702  (5th Cir. 1991), cert. denied, 502 U.S. 1092 (1992).

Next, Overdrive contends that the Gritchen affidavit does not set forth facts which would be admissible in evidence.  (Doc. 42, at 3.)  Overdrive argues that the underlying "business records" relied upon by Gritchen are in fact inadmissible hearsay, because she cannot provide a proper foundation for their admission under Fed. R. Evid. 803(6).  Id. at 4.  Overdrive argues that the

6

Gritchen affidavit fails to demonstrate Gritchen's competency to testify on the relevant matters. Id. at 6.

A business record must satisfy four requirements in order to be admissible under Rule 803(6): "(1) it must have been made in the course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge." United States v. Baker, 458 F.3d 513, 518 (6th Cir. 2006) (citing United States v. Jenkins, 345 F.3d 928, 935 (6th Cir. 2003)). The evidentiary foundation must be shown by "the testimony of the custodian or other qualified witness[.]" Fed. R. Evid. 803(6); Baker, 458 F.3d at 518.

Thus, under Rule 803(6), a witness does not have to be the custodian of the documents offered into evidence in order to meet the foundational requirements. United States v. Childs, 5 F.3d 1328, 1334 (9th Cir. 1993), cert. denied, 511 U.S. 1011 (1994); Brodersen v. Sioux Valley Memorial Hosp., 902 F.Supp. 931, 954-955 (N.D. Iowa 1995). "The phrase 'other qualified witness' is given a very broad interpretation." Baker, 458 F.3d at 518 (quoting 5-803 Weinstein's Federal Evidence § 803.08[8][a] (2006)). See also Childs, 5 F.3d at 1334 ("other qualified witness" broadly interpreted). It is not necessary for an "other qualified witness" to have personal knowledge of the preparation of

7

business records.  Baker, 458 F.3d at 518 (citing Dyno Constr. Co. v. McWane, Inc., 198 F.3d 567, 575-576 (6th Cir. 1999)); Jenkins, 345 F.3d at 935-936.  All that's required is that the witness be capable of testifying that she is "familiar with the record-keeping procedures of the organization."  Baker, 458 F.3d at 518 (citing Dyno Constr. Co., 198 F.3d at 576).  See also Brodersen, 902 F.Supp. at 955 (person capable of testifying as to nature of regularly kept records of business) (citing cases).

Gritchen avers that her affidavit is "based upon the business records kept in the normal course and scope of business at AT&T Corp."  (Doc. 40, PX 2, at ¶ 1.)  Assuming arguendo that Gritchen may be an "other qualified witness" capable of providing a foundation for the exhibits at issue, her conclusory statement that the exhibits are "business records" is insufficient.

Documents submitted to support or oppose a summary judgment motion must be attached to an affidavit that both identifies and authenticates each document.  Stuart v. General Motors Corp., 217 F.3d 621, 635 n.20 (8th Cir. 2000); Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000); Klein v. Manor Healthcare Corp., 19 F.3d 1433, 1994 WL 91786, at *6 (6th Cir. 1994) (TABLE, text in WESTLAW).   First of all, Gritchen's affidavit does not establish that she "is familiar with what is normally recorded and with the process whereby the records are created, recorded, and stored."  See Brodersen, 902 F.Supp. at 955 (citing United States v. Kail, 804 F.2d 441, 449 (8th Cir. 1986)).  In fact, Gritchen does not specifically establish that any particular exhibit was made in

8

the course of a regularly conducted business activity, or that such documents were kept in the regular course of that business, or that the regular practice of AT&T was to have made such a record, or that the exhibits were made by a person with knowledge of the transaction or from information transmitted by a person with such knowledge. See generally Baker, 458 F.3d at 518.

AT&T essentially asks the court to infer from Gritchen's job title that she has certain responsibilities which would lead her to have the requisite knowledge. (Doc. 46, at 3-4.) However, her affidavit itself does not establish this, nor does it satisfy the requirements for admissibility of business records. The objections to Gritchen's affidavit are well-taken.

Overdrive argues that because the Gritchen affidavit has failed to properly authenticate Exhibits 1, 3, 5, 7-8, and 10-14, they are inadmissible as hearsay. (Doc. 42, at 5.) This argument substantially overlaps that made by Overdrive's second motion to strike.

### III. EXHIBITS TO PLAINTIFF'S RESPONSE

In their second motion, Overdrive moves to strike Exhibits 1, 3, 5-8, and 10-14, arguing that they are "inadmissible hearsay." (Doc. 43, at 1.) Overdrive argues that these exhibits have not been properly authenticated, and are thus inadmissible as hearsay. Id. at 3. Overdrive contends that the Gritchen affidavit is insufficient for this purpose. In addition, Overdrive claims that the

9

documents in question are not properly authenticated via the deposition testimony of either Ray Fassett or Lisa Pitagna. Id. at 5-6.

AT&T responds that the documents have been authenticated by Gritchen. (Doc. 47, at 2.) As discussed more fully above, the court finds that the Gritchen affidavit does not satisfy the requirements for admissibility of business records pursuant to Fed. R. Evid. 803(6).

In addition, AT&T asserts that Exhibits 3, 7, 8, 10, and 13 were signed by Fassett, Overdrive's Rule 30(b)(6) representative, and at his deposition "these contracts were all attached as exhibits and he specifically gave sworn testimony regarding the same." (Doc. 47, at 2.) However, AT&T does not cite to, or provide, those portions of Fassett's deposition testimony which would authenticate each of those exhibits, with two exceptions.

Attached to AT&T's response to the motion for summary judgment is Exhibit 4, which is a portion of Fassett's deposition testimony. In that portion, the court finds that Fassett vouches for his signature on the "AT&T Master Agreement, MA Reference No. 31574." See doc. 39, DX 4, Fassett dep., at 58, and DX 3 (Master Agreement). Although the parties refer, in deposition, to "Exhibit 6" [to the deposition], it is plain that the document in question is the same as Exhibit 3 here.

Fassett identified Deposition Exhibit 6 as "AT&T Master Agreement," and confirms that his signature appears on the first page, "AT&T 005." (Doc. 39, DX 4, at 58.) He testified that he signed the document on Oct. 10, 2001. Id.

10

This description is totally in accord with what is now identified as Exhibit 3. See DX 4, at 58, and DX 3 (Master Agreement). Thus, the court finds Fassett has authenticated Exhibit 3 through his deposition testimony.

In addition, Fassett identified Deposition Exhibit 13 as "AT&T Internet Transport Services Service Order Attachment," and confirms that his signature appears on the cover sheet, dated May 10, 2002. (Doc. 39, DX 4, at 74-75.) This description is totally in accord with what is now identified as Exhibit 7. See DX 4, at 74-75, and DX 7 (Service Order Attachment). Thus, the court finds Fassett has authenticated Exhibit 7 through his deposition testimony.

In the portion of Fassett's deposition testimony provided to the court, Fassett also refers to Deposition Exhibit 5, but no identifying information is provided. See DX 4, at 46-47. Similarly, a Deposition Exhibit 2 is referred to in passing, but no identifying information is provided. Id. at 58-59. Likewise, a Deposition Exhibit 9. Id. at 70-71. Several other exhibits were presented to Fassett, which he did not recall signing. See, e.g. DX 4, at 72-75.

Thus, the only documents which are authenticated in Fassett's deposition testimony, insofar as a portion of it is before the court, are Exhibit 3, which is a five page document titled "AT&T Master Agreement, MA Reference No. 31574," between AT&T and Overdrive, dated Oct. 12, 2001, and Exhibit 7, which is a nine page document titled "AT&T Internet Transport Services, Service Order Attachment," signed by Ray Fassett (Overdrive) and Sandra Brown (AT&T) in

11

May 2002.  See DX 4, at 58, 74-75; DX 3 (Master Agreement), and DX 7 (Service Order Attachment).

Although Overdrive refers to Pitagna's deposition testimony, doc. 43, at 6-7, AT&T does not rely on her testimony in its response to the motion to strike. See generally doc. 47.

Overdrive's objections to Exhibits 1, 5-6, 8, and 10-14, as "inadmissible hearsay" are well-taken.  The court finds that Exhibit 3, "AT&T Master Agreement," and Exhibit 7, "AT&T Internet Transport Services, Service Order Attachment," are authenticated by Fassett's deposition testimony.

12

IV. SUMMARY

Overdrive's motions to strike are addressed as objections to the affidavits and exhibits at issue. The objections to Gritchen's affidavit are well-taken, thus that motion (doc. 42) is granted. Gritchen avers that her affidavit is based upon AT&T's business records, but she does not provide a proper foundation for the admissibility of these records.

As to Overdrive's second motion (doc. 43), the objections to Exhibits 1, 5-6, 8, and 10-14, as "inadmissible hearsay" are well-taken. The court finds that Exhibit 3, "AT&T Master Agreement," and Exhibit 7, "AT&T Internet Transport Services, Service Order Attachment," are authenticated by Fassett's deposition testimony, and the objections to those exhibits are overruled. Thus, that motion is granted in part, and denied in part.

IT IS SO ORDERED.

Nov. 21, 2006                              /s/ Kenneth S. McHargh
                                                           Kenneth S. McHargh
                                                           United States Magistrate Judge