UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AT&T CORP., | ) | Case No. 1:05CV1904 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| OVERDRIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge McHargh |
| | ) | |

McHARGH, Mag.J.

Before the court is Plaintiff AT&T's "Notice of Second Amended Exhibit," and Defendant OverDrive's objection and motion to strike.  (Doc. 50-51.)

On Nov. 21, the court ruled on Defendant OverDrive's motions to strike (doc. 42-43) exhibits attached to AT&T's response to its motion for summary judgment.  (Doc. 49.)  OverDrive had moved to strike Exhibit 2, the affidavit of Pam Gritchen, arguing that it was not "competent evidence admissible for consideration by this court."  (Doc. 42, at 1.)  OverDrive also moved to strike Exhibits 1, 3, 5-8, and 10-14, arguing that they constituted "inadmissible hearsay."  (Doc. 43, at 1.)

Gritchen's affidavit was based upon her review of AT&T's business records.  (Doc. 40, PX 2, at ¶ 1.)  In granting the motion to strike, the court

2

found that her conclusory statements that the supporting exhibits are "business records" were insufficient. The court found that Gritchen's affidavit does not satisfy the foundational requirements for admissibility of business records. (Doc. 49, at 2-8.)

In the second motion, OverDrive moved to strike several exhibits, arguing that they are "inadmissible hearsay." The court ruled that Exhibits 1, 5-6, 8, and 10-14 had not been properly authenticated, and were "inadmissible hearsay." However, the court found that Exhibit 3, "AT&T Master Agreement," and Exhibit 7, "AT&T Internet Transport Services, Service Order Attachment," were authenticated by deposition testimony. (Doc. 49, at 8-11.)

The court's order simply ruled on OverDrive's motions to strike. The order made no provision for amending the Gritchen affidavit. The discovery deadline in this case was August 1, 2006, and the disposition motion deadline was Oct. 2, 2006. (Doc. 28.) The time for submission of evidence in support of a dispositive motion has passed.

Nonetheless, AT&T has filed a "Notice of Second Amended Exhibit" without leave of court.[1] (Doc. 50.) OverDrive has filed an objection, and a motion to strike this proposed amended exhibit. (Doc. 51.)

---

[1] AT&T did not file a motion for reconsideration, which would require a showing of "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." Owner-Operator Independent Drivers Ass'n, Inc. v. Arctic Exp., Inc., 288 F.Supp.2d 895, 900 (S.D. Ohio 2003) (citing GenCorp., Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)).

3

OverDrive's objections are rather lengthy, but essentially it is argued that AT&T has had multiple opportunities, within the course of the court's regularly scheduled discovery period, to establish the basis for the allegedly overdue and unpaid charges which are the gravamen of the amended complaint. (Doc. 51, at 2-16.) For example, OverDrive points out that AT&T chose Lisa Pitagna as their Civil Rule 30(b)(6) representative at deposition, yet Pitagna was extraordinarily ill-informed as to the basis of the disputed charges. Id. at 8-9; 13-16.

(Linda Holzschu was allegedly involved in resolving a dispute over billing terms, and OverDrive had expressed a desire to depose her, doc. 51, at 3-7, but AT&T is entitled to choose its own Rule 30(b)(6) representative for deposition.)

When filing its response to the motion for summary judgment, AT&T instead chose to rely on an affidavit filed by Gritchen, who was represented in AT&T's initial disclosures as Associate Manager of Business Operations Billing Integrity. Id. at 2. In her affidavit supporting summary judgment, Gritchen identified herself as "Final Dispute/Legal Manager for Revenue Management at AT&T Corp." (Doc. 40, PX 2, at ¶ 1.)

OverDrive objects that the proposed amended Gritchen affidavit contains "information never before provided to OverDrive," and the late filing of it precludes OverDrive from further investigation to counter her assertions, given the expiration of the discovery deadline. OverDrive contends that it was

4

prevented from deposing Gritchen because AT&T represented that Pitagna was the most knowledgeable person regarding the billing.  (Doc. 51, at 13, 16-18.) "ATT cannot wait until the discovery cutoff date has passed and a motion for summary judgment has been filed only to present new and hidden evidence, knowing that such evidence is no longer subject to question or challenge." Id. at 17.

OverDrive stresses that it has diligently sought the desired relevant information:

> At all times, from the receipt of ATT's Complaint, through the Early Neutral Evaluation, the Amended Complaint, and OverDrive's Answer and Counterclaim; through the Case Management Conference, OverDrive's efforts to have ATT produce Linda Holzschu for deposition, and the Pitagna deposition; through the July 20, 2006, telephonic status conference, and at all times in between, OverDrive zealously sought to discover from ATT those facts relating to the provision of services, the terms and conditions of the subject services, ATT's billing and charges, non-payment and claimed contract violations, ATT's claimed damages, ATT's investigation of service disputes, and OverDrive's alleged failure to pay for services supposedly rendered.

(Doc. 51, at 17.)  OverDrive contends that admitting the amended Gritchen affidavit would be unfairly prejudicial, because it "runs contrary to all (mis)information previously supplied by ATT, leaving OverDrive without any ability to test the truthfulness of Gritchen's averments." Id. at 18.

In general, "all affidavits in support of a motion must be submitted with the motion unless the court, for cause shown, permits a later filing." Owner-Operator Independent Drivers, 288 F.Supp.2d at 903.  See also Cia.

5

Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 409 (1st Cir. 1985) (affidavit in support of motion must be served with motion).  The purpose of the requirement that cause be shown for affidavits not attached to the original motion is to prevent the moving party from springing new facts on the opposing party when it is too late to contest them.  Owner-Operator Independent Drivers, 288 F.Supp.2d at 903.

      A district court does not abuse its discretion when it refuses to accept out-of-time affidavits.  Farina v. Mission Inv. Trust,  615 F.2d 1068, 1076 (5th Cir. 1980).  AT&T has not shown cause to support admission of an amendment to the stricken affidavit at this late date.  The court will not revive the Gritchen affidavit (as proposed) in ruling on the pending motions for summary judgment.  See generally Navarro v. Fuji Heavy Industries, Ltd., 117 F.3d 1027, 1032-1033 (7th Cir.), cert. denied, 522 U.S. 1015 (1997) (plaintiff offered no reason for failure to submit sufficient affidavit when motion for summary judgment first taken under advisement).

      Overdrive's objections are well-taken, and its motion to strike (doc. 51) is granted.

      IT IS SO ORDERED.

      Jan. 3, 2007                          /s/ Kenneth S. McHargh
                                                        Kenneth S. McHargh
                                                        United States Magistrate Judge