UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AT&T CORP., | ) | Case No. 1:05CV1904 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| OVERDRIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge McHargh |
| | ) | |

McHARGH, Mag.J.

The plaintiff, AT&T Corp. ("AT&T"), has filed "Rule 72(a) Objections" to the court's memorandum and order of January 3, 2007.  (Doc. 56.)  Defendant Overdrive has filed a response.  (Doc. 57.)

Plaintiff has also filed "Rule 72(b) Objections" to the court's memorandum and order of January 10, 2007, disposing of the motions for summary judgment. (Doc. 58.)

I.  PROCEDURAL BACKGROUND

Plaintiff AT&T filed an amended complaint against the defendant, OverDrive, Inc. ("OverDrive"), alleging breach of contract and unjust enrichment. (Doc. 8.)  In its answer, OverDrive asserted counterclaims alleging a breach of an

implied covenant of good faith and fair dealing, fraudulent misrepresentation, and
tortious interference.  (Doc. 17.)

Defendant OverDrive filed a motion for summary judgment on the
amended complaint, and AT&T then filed a cross-motion for summary judgment
along with its response.  (Doc. 37, 39-40.)

Overdrive subsequently filed two motions to strike exhibits attached to
AT&T's response and cross-motion.  (Doc. 42-43.)  On Nov. 21, 2006, the court
granted the first motion, sustaining the objection to the affidavit of Pam Gritchen,
on the basis that her affidavit failed to demonstrate Gritchen's competency to
testify on the relevant matters.  Specifically, Gritchen averred that her affidavit
was based upon AT&T's  business records, but her affidavit did not establish that
she was familiar with what is normally recorded and with the process whereby the
records were created, recorded, and stored, nor did her affidavit otherwise provide a
proper foundation for the admissibility of the underlying exhibits as business
records.  (Doc. 49, at 2-8.)

As to Overdrive's second motion, the objections to certain exhibits as
"inadmissible hearsay" were sustained.  The court found that those exhibits, offered
as business records, had not been properly authenticated.  Id. at 7-9.  However, the
court determined that two of the exhibits had been authenticated by Overdrive's
deposition testimony, and the objections to those two exhibits were overruled.
Thus, the second motion was granted in part, and denied in part.  Id. at 8-11.

Without seeking leave of court, AT&T filed a "Notice of Second Amended Exhibit" on Dec. 15, 2006.  (Doc. 50.)  OverDrive filed an objection, moving to strike the proposed amended exhibit.  (Doc. 51.)

Relative to the possibility of prejudice, OverDrive argued that AT&T had multiple opportunities, within the course of the court's regularly scheduled discovery period, to establish the basis for the allegedly overdue and unpaid charges which are the gravamen of the amended complaint.  (Doc. 51, at 2-16.)  OverDrive pointed out that Linda Holzschu was allegedly involved in resolving a dispute over billing terms, and OverDrive had expressed a desire to depose her.  Id. at 3-7. Instead, AT&T chose Lisa Pitagna as their Civil Rule 30(b)(6) representative at deposition, although Pitagna proved  extraordinarily ill-informed as to the basis of the disputed charges.  Id. at 8-9; 13-16.  When filing its response to the motion for summary judgment, AT&T then  chose to rely on an affidavit filed by Gritchen. OverDrive objected that it was prevented from deposing Gritchen to contest her assertions because AT&T had represented that Pitagna was the most knowledgeable person regarding the billing.  (Doc. 51, at 13, 16-18.)

On Jan. 3, 2007, the court sustained the objection, and refused to consider the proposed amended affidavit in support of the pending motions for summary judgment.  The court pointed out that the Nov. 21 order had simply ruled on Overdrive's motions to strike, and had made no provision for amending the Gritchen affidavit.  The court noted that the time for submission of evidence in support of any dispositive motions had passed.  (The disposition motion deadline

3

had passed on Oct. 2, 2006.)  The court found AT&T had not shown cause to support admission of an untimely amendment to the stricken affidavit.  (Doc. 53, at 4-5.)

In its motion for summary judgment, OverDrive asserted that AT&T could not establish that any additional amount was due, beyond that already paid.  (Doc. 37, at 14, 19.)  On Jan. 10, the court granted OverDrive's motion for summary judgment, because AT&T failed to carry its burden of proving the existence of its damages.  (Doc. 54, at 9-12.)  The court noted that, although several exhibits relied upon by AT&T had not been properly authenticated, additionally, those contested documents which purported to establish the specific amounts of damages failed to properly substantiate the underlying basis of  the specific amounts in question.  Id. at 13-14.  The crux of the dispute between the parties is over the specific amounts. In other words, although the court's judgment on the breach of contract claim was based on the lack of authentication for the disputed documents, even if the documents had been properly supported and admitted as business records, they would have been inadequate to establish the specific amounts which AT&T claimed were allegedly due and unpaid.  Id.  See generally Peak v. Northway Travel Trailers, Inc., 811 N.Y.S.2d 798, 800-801 (N.Y. App. Div. 2006); City of New York v. State of New York, 801 N.Y.S.2d 8, 11 (N.Y. App. Div. 2005); Hochberg v. New York City Off-Track Betting Corp., 343 N.Y.S.2d 651, 658 (N.Y. Sup. Ct. 1973), aff'd, 352 N.Y.S.2d 423 (N.Y. App. Div. 1974).

AT&T's motion for summary judgment on the counterclaims of of fraudulent misrepresentation, or fraudulent inducement, and tortious interference was

4

granted, but the motion was denied on the counterclaim of breach of an implied covenant of good faith and fair dealing.  (Doc. 54, at 15-28.)  The counterclaim of breach of an implied covenant of good faith and fair dealing is the only unresolved claim at present.


## II.  RULE 72 OBJECTIONS

AT&T now files "Rule 72(a) Objections" to the court's memorandum and order of January 3, 2007, and "Rule 72(b) Objections" to the summary judgment ruling of January 10, 2007.  (Doc. 56, 58.)  As OverDrive points out, AT&T consented to the jurisdiction of a magistrate judge, thus, there is no authority for any recourse to Rule 72.  (Doc. 57.)

On March 7, 2006, the parties consented to the jurisdiction of a magistrate judge,  pursuant to 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.  (Doc. 22.)  Under 28 U.S.C. §636(c) (1), Civil Rule 73(a) and Local Rule ("LR") 73.1(a), the magistrate judge may order an entry of judgment in a consented case.  Thus, Civil Rule 72 and Local Rule 72.3 are inapplicable.   An appeal from a civil judgment in such a case is to be directed to the Sixth Circuit Court of Appeals.  Fed. R. Civ. P. 73(c) and LR 73.2.

However, the court will construe AT&T's objections as a motion for reconsideration, which generally requires a showing of "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties;  or (3) an intervening change in controlling law."  Owner-Operator Independent Drivers

<u>Ass'n, Inc. v. Arctic Exp., Inc.</u>, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003) (citing

<u>GenCorp., Inc. v. American Int'l Underwriters</u>, 178 F.3d 804, 834 (6th Cir. 1999)).

"Motions for reconsideration do not allow the losing party to 'repeat arguments

previously considered and rejected, or to raise new legal theories that should have

been raised earlier.'" <u>Id.</u>

### A.  Objections to January 3 Order

AT&T raises three arguments in support of its objections to the court's

January 3, 2007, order.  (Doc. 56.)

### 1.  Timeliness of supplemental affidavit

AT&T argues the court's ruling that the proposed amended affidavit was

untimely is "erroneous and contrary to Fed. R. Civ. P. 56(e) which specifically

allows the submission of supplemental affidavits." (Doc. 56, at 5.)  AT&T claims

there is no rule which requires affidavits to be submitted to the court prior to the

dispositive motion deadline.  <u>Id.</u> at 6.

AT&T cites <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 895 (1990), in

support of its assertion that opposing affidavits may be served no later than one day

prior to the motion hearing.  <u>Lujan</u> quotes Civil Rule 6(d), in part:  "[w]hen a motion

is supported by affidavit, . . . opposing affidavits may be served not later than 1 day

before the hearing."  <u>Id.</u>  The situation in <u>Lujan</u> differed from this case, however, in

that the district court therein scheduled a hearing on the motions.  <u>Lujan</u>, 497 U.S.

at 894.  Here, the common practice was followed, of resolving motions for summary

judgment on the basis of the written motions, without scheduling a hearing.  Fed.

6

R. Civ. P. 78.  <u>See, e.g.</u>, <u>Goodpasture v. Tennessee Valley Auth.</u>, 434 F.2d 760, 764 (6th Cir. 1970); <u>Skolnick v. Spolar</u>, 317 F.2d 857, 859 (7th Cir.), <u>cert. denied</u>, 375 U.S. 904 (1963); <u>South Camden Citizens in Action v. New Jersey Dep't of Envtl. Prot.</u>, 254 F.Supp.2d 486, 489 (D. N.J. 2003).  Indeed, no hearing was requested by either party.

Where no hearing is scheduled, the Rule 6(d) provision that "opposing affidavits may be served not later than 1 day before the hearing" becomes meaningless.  The "hearing date," when a motion for summary judgment will be decided on the motions and the memoranda in support and in opposition, is properly considered the latest deadline for submission of such memoranda.  In the Northern District of Ohio, all motions are governed by the Case Management Plan.  LR 7.1(a); doc. 28, ¶ 13.  Under the Local Rules, a memorandum in opposition shall be filed within 30 days after service of a motion for summary judgment.  LR 7.1(d).  The court may rule on any motion without a hearing at any time after the time for filing a reply memorandum has elapsed.  LR 7.1(g).  Thus, an affidavit must be filed within that time frame to be timely.

2.  <u>Cause for filing untimely amended affidavit</u>

In general, "all affidavits in support of a motion must be submitted with the motion unless the court, for cause shown, permits a later filing."  <u>Owner-Operator Independent Drivers</u>, 288 F.Supp.2d at 903.  <u>See also</u> <u>Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.</u>, 754 F.2d 404, 409 (1st Cir. 1985) (affidavit in support of motion must be served with motion); Fed. R. Civ. P. 6(d).  A district court has the

7

discretion to refuse to accept untimely affidavits.  <u>Moore, Owen, Thomas & Co. v.</u> <u>Coffey</u>, 992 F.2d 1439, 1446 (6th Cir. 1993); <u>Farina v. Mission Inv. Trust</u>,  615 F.2d 1068, 1076 (5th Cir. 1980).  AT&T failed to show cause to support the untimely admission of an amendment to the stricken affidavit.  <u>See generally</u> <u>Navarro v. Fuji</u> <u>Heavy Industries, Ltd.</u>, 117 F.3d 1027, 1032-1033 (7th Cir.), <u>cert. denied</u>, 522 U.S. 1015 (1997) (plaintiff offered no reason for failure to submit sufficient affidavit when motion for summary judgment first taken under advisement).

 <u>Lujan</u> set out the proper approach for late filings under Rule 6(b):

> First, any extension of a time limitation must be "for cause shown."
> Second, although extensions before expiration of the time period may
> be "with or without motion or notice," any postdeadline extension must
> be "upon motion made," and is permissible only where the failure to
> meet the deadline "was the result of excusable neglect."  Thus, in order
> to receive the affidavits here, the District Court would have had to
> regard the very filing of the late document as the "motion made" to file
> it;  it would have had to interpret "cause shown" to mean merely
> "cause," since respondent made no "showing" of cause at all; and
> finally, it would have had to find as a substantive matter that there
> was indeed "cause" for the late filing, and that the failure to file on
> time "was the result of excusable neglect."

<u>Lujan</u>, 497 U.S. at 896-897.  Here, AT&T did not move for leave to file its proposed amended affidavit, nor was there any showing of cause at all.  <u>See generally</u> doc. 50 ("Notice of Second Amended Exhibit").

 First, AT&T argues that cause need not be shown, because the affidavit was timely filed.  (Doc. 56, at 7.)   Then, AT&T states that "cause can be inferred" through the nature of the Nov. 21 order "and the specific wording sought in that ruling" and AT&T's prompt submission of a revised affidavit.  <u>Id.</u> at 7-8.  Although

8

AT&T stresses that the court had not yet entered a decision on the motion for summary judgment, in fact, the court had already taken the motions under advisement, in accordance with LR 7.1(g).  AT&T has not shown cause for the late filing.

### 3. Lack of prejudice to defendant

AT&T claims that OverDrive would not be prejudiced if the court admitted the proposed amended affidavit.  (Doc. 56, at 8-9.)  The burden is not on OverDrive to show that the court should not accept an untimely affidavit; rather, the burden is on AT&T to show cause to excuse its late filing, as outlined above.  Lujan, 497 U.S. at 896-897.

AT&T has failed show a clear error of law, newly discovered evidence that was not previously available to the parties, or an intervening change in controlling law.  The motion of reconsideration is denied as to the January 3 order.

### B.  Objections to January 10 Order

AT&T argues that the court should reconsider the parties' motions for summary judgment in order to address the exhibits which were stricken by the court's earlier ruling.  (Doc. 58, at 3-4.)  A motion for reconsideration does not allow AT&T to repeat arguments previously considered and rejected.  As discussed above, the court stands by its rulings on the exhibits, which were made after due consideration of the parties' arguments.

AT&T complains that the court did not apply the same summary judgment standard to both parties, because for the breach of contract claim, the court found that AT&T had failed to carry its burden, but for one of the counterclaims, the court found that OverDrive had carried its burden. (Doc. 58, at 6.) The claims were analyzed under the same standard, under which the court construes the evidence in the light most favorable to the party opposing the motion. (Doc. 54, at 3, 5, 16.)

(There is one exception: When the plaintiff moves for summary judgment on its own claim, on which it would have the burden of proof at trial, the standard is heavier. See doc. 54, at 12-13.)

### 1. Breach of contract claim

AT&T also argues that the court's summary judgment rulings are inconsistent and contrary to law:

> Even without considering AT&T's affidavits and related exhibits, based upon the evidence that was considered by the Magistrate Judge, AT&T has competent summary judgment evidence of an existence of a genuine fact issue to preclude this Court from granting Overdrive's Motion for Summary Judgment. The fact issue here is whether there was a breach of contract and whether or not AT&T is entitled to damages.

(Doc. 58, at 4.) AT&T points to page 18 of the ruling as "[t]he most telling of these inconsistencies." Id. at 5; doc. 54, at 18. The passage reads:

> Although the payment terms have not been established by competent evidence for purposes of these motions for summary judgment, *the parties generally agree that they had a contract*, and that payment was expected for the services rendered. The parties disagree as to the proper amounts that were due. The evidence before the court is inconclusive: it may eventually show that AT&T lacked proper clarity

10

> in identifying the contractual source of the amounts invoiced, or it may
> show that AT&T's invoices were totally or partially justified.

(Doc. 54, at 18, emphasis added.)

However, the passage in question concerned the defendant's counterclaim of a breach of the implied covenant of good faith and fair dealing, not the plaintiff's breach of contract claim.  (Doc. 54, at 15-19.)  At issue for the implied covenant claim was whether AT&T had terminated services properly, in light of OverDrive's extensive efforts to resolve the billing dispute, including making sizeable payments toward the account.

AT&T had moved for summary judgment on OverDrive's counterclaim, thus the evidence was construed in the light most favorable to OverDrive.  Id. at 16.  The court found that OverDrive carried its burden to offer competent evidence raising a genuine issue of material fact as to an alleged breach of an implied covenant of good faith and fair dealing, and thus AT&T's motion for summary judgment on that issue was denied.  Id. at 19.

The determinations which the court was required to make on the breach of contract claim were distinct from the findings required on the alleged breach of an implied covenant of good faith.  AT&T argues that the court

. . . erred because he cannot find that a contract exists and that there is a dispute as to the billing under that contract and then find that AT&T did not prove that there is no genuine issue of material fact with respect to either of those issues.

(Doc. 58, at 5.)

11

Summary judgment is properly awarded "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The court did not "find" that a contract existed, because it was not a necessary finding; it was not disputed by the parties.  See, e.g., doc. 39, at 9.

The breach alleged by AT&T was that OverDrive failed to pay completely for the services provided.  (Am.Compl., at ¶¶ 9-12.)  In the motion for summary judgment, OverDrive asserted that AT&T could not establish that any amount was due.  (Doc. 37, at 14, 19.)  OverDrive argued that AT&T was paid over $200,000.00 for its services, but that AT&T was unable to establish the evidentiary basis for any additional amounts claimed to be due.  (Doc. 37, at 20; DX 1, Potash aff., at ¶¶ 23-24.)

OverDrive's motion for summary judgment contended that AT&T's invoices did not properly reflect their agreement, and that AT&T was unable to establish or explain the charges billed to OverDrive, or how these charges were computed.  (Doc. 37, at 2, 7; see also doc. 44, at 2-5.)  Thus, the element essential to AT&T's case that was called into question by OverDrive's motion was not whether a contract existed, which was not disputed, and not whether services were provided, which again was not disputed, and not whether payment was required for those services, again not disputed, but whether the payments received were complete or incomplete.  That is, the dispute was not simply the extent of the damages, but the existence of any

12

damages at all.  If the payments made by OverDrive were complete, there was no breach as alleged, and no resulting damages.  If the payments were incomplete, then there were still payments due and unpaid, which would be AT&T's damages.

AT&T notes, correctly, that AT&T is required to demonstrate "that there is a genuine issue of fact that there are damages in its prima facie case."  (Doc. 58, at 7.)  OverDrive has asserted, repeatedly, that AT&T has failed to establish the existence of its damages with competent evidence throughout the course of this litigation.[1]  See doc. 37, at 8-12, 17-20; DX 1, Potash aff., at ¶¶ 23-24.  OverDrive specifically contended that AT&T failed to properly support its claim of damages, using "invalid evidence, unsupported assumptions, and the failure to present underlying data and documents as the foundation" for its claim of damages.  Id. at 17-19.  Through a motion for summary judgment, the movant challenges the opposing party to "put up or shut up" on a critical issue.  Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989).

At the summary judgment stage, simply arguing, as does AT&T, that "there are contracts in this case and there are disputes on the billing of those contracts," doc. 58, at 7, is insufficient.  The plaintiff must present "affirmative evidence" to support its claim.  Street, 886 F.2d at 1477 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).  The mere existence of some alleged factual dispute

---

[1]Indeed, OverDrive's assertions regarding its repeated attempts to obtain clarification appear supported by the record provided to the court.  Somewhat surprisingly, at no point did AT&T address, let alone refute, this allegation.

between the parties will not defeat a motion for summary judgment.  <u>Rexnord</u>

<u>Holdings, Inc., v. Bidermann</u>, 21 F.3d 522, 525 (2d Cir. 1994) (quoting <u>Anderson</u>,

477 U.S. at 247-48).

The motion for reconsideration of the summary judgment order is premised

heavily on the admission of the contested exhibits.  However, as mentioned in the

January 10 order, the exhibits (even if admitted) would not establish sufficiently

the existence of damages.  (Doc. 54, at 8-13.)  Although it is true that AT&T need

not conclusively establish the full extent, that is, the exact amount, of its damages,

OverDrive contested the existence of any damages at all, because OverDrive argued

that the payments made were complete.  It is AT&T's burden to provide affirmative

evidence which would demonstrate why these payments are incomplete under the

contract.  This necessarily involves something more than stating, "we billed

OverDrive for X dollars, and OverDrive only paid Y dollars."

As to that issue, AT&T simply proffers purported account statements

(Exhibits 6, 12, and 14), to establish (in part) the amounts allegedly due and

unpaid.  The invoices which presumably were the basis for these account

14

summaries were not offered into evidence.[2]  Importantly, OverDrive averred that these invoices were contested upon their receipt.  (Doc. 54, at 10 n.1.)

AT&T was thus precluded from the relying on the "account stated" theory to validate its billing.  Gross v. Empire Healthchoice Assurance, Inc., 819 N.Y.S.2d 210, 2006 WL 1358474, at *2  (N.Y. Sup. Ct. May 18, 2006) (TABLE, text in WESTLAW) (agreement to pay debt implied if party keeps statement without objecting within reasonable time); Shea & Gold v. Burr, 598 N.Y.S.2d 261, 262 (N.Y. App. Div. 1993) (same).

AT&T failed to connect the dots in such a way to present a genuine issue of material fact on the issue of whether the accounts were properly paid in full, or whether some amounts were unpaid and overdue.  In support of summary judgment, AT&T did not present a single invoice (or other documentation) which would provide evidentiary support for their account summaries.  See, e.g., McIntosh Builders Inc. v. Ball, 695 N.Y.S.2d 196, 198 (N.Y. App. Div. 1999) (denying summary judgment on contract claim where "at the very least . . . one sales contract could not be completed").  AT&T did not demonstrate that any specific  invoice or

---

[2]Summaries are admissible for the purpose of determining what damages have been sustained, and how the numbers have been calculated.  United States ex rel.  Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp., 95 F.3d 153, 163 (2d Cir. 1996); Fed. R. Evid. 1006.  However, Rule 1006's foundational requirements do apply in the context of a motion for summary judgment.  See, e.g., In re Citric Acid Litigation, 191 F.3d 1090, 1102 (9th Cir. 1999), cert. denied, 529 U.S. 1037 (2000);  S.E.C. v. Hughes Capital Corp., 124 F.3d 449, 456 (3d Cir. 1997); Conoco Inc. v. Department of Energy, 99 F.3d 387, 393-394 (Fed. Cir. 1997) (must have foundation for underlying documents); Moench v. Robertson, 62 F.3d 553, 557 n.1 (3d Cir. 1995), cert. denied, 516 U.S. 1115 (1996).

billing was supported by a specific clause or section in the contracts or pricing
schedules.  There was no evidence before the court to establish that any specific
contractual provision was breached through a billing on a particular date for a
specific amount which was subsequently not paid.

      The motion for reconsideration is denied as to the breach of contract claim.

2.  Unjust enrichment claim

      AT&T protests that its unjust enrichment claim was dismissed as unopposed.
(Doc. 58, at 8.)   In their response to the motion for summary judgment, AT&T
stated that "there is no dispute that the parties entered into the Contract."  (Doc.
39, at 9.)  The court has not found otherwise, because neither party contested this
proposition.  Thus, the claim was properly dismissed.  See Goldman v. Metropolitan
Life Ins. Co., 841 N.E.2d 742, 746 (N.Y. 2005); Ross v. DeLorenzo, 813 N.Y.S.2d 756,
760 (N.Y. App. Div. 2006).  The motion for reconsideration is denied.

III.  SUMMARY

      AT&T has failed to show a clear error of law, newly discovered evidence that
was not previously available to the parties, or an intervening change in controlling
law.  AT&T's motions for reconsideration  (doc. 56, 58) are denied.

      IT IS SO ORDERED.

Jan. 30, 2007            /s/ Kenneth S. McHargh
                              Kenneth S. McHargh
                              United States Magistrate Judge

16